UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BYRON K. BROWN; CARLOS ARRIAGO;
TERRENCE TURNER; DAVID LOUIME;
DENNIS ANTWON; ROBERT CAMPBELL;
GREGORY WHITE; SHANTEE BROOKS;
ELIGIDIO LIND; TEDDY WILLIAMS;
HECTOR L. DeJESUS; APOLINAR ROQUE;
RICARDO CORBIN; TEREL OVERTON; ALEX
MARTINEZ; DESHARD WRIGHT; CLAYTON
SCOTT; MICHAEL A. CRANE; KEVIN
BUSSEY; ERIC PEK; VAUGHN CAMPBELL;
IVAN T. RAMOS; DANIEL JONES; DWAYNE
REED; IVAN SEABROOKS; JAMES SCOTT;
ALEN HAYMON; ALFONSO A. HOWARD;
STEPHEN ROBINSON; TREVOR PRICE,

                          Plaintiffs,

                    -against-

ANTHONY ANNUCCI, Commissioner, NYS
DOCCS; JOSEPH SERGEANT; JOHN DOE,
Officer in Charge; JOHN DOE, Escorting Officer,

                          Defendants.

23-CV-6056 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Byron K. Brown and 29 other individuals incarcerated at Sing Sing Correctional

Facility ("Sing Sing") jointly filed this *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 2.)

The complaint is signed by 20 of the 30 Plaintiffs. Plaintiff Byron K. Brown is the only Plaintiff

who filed a request to proceed *in forma pauperis* ("IFP"), that is, without the prepayment of

filing fees, and a prisoner authorization. (ECF Nos. 2,3.) Plaintiffs purport to jointly file a motion

for the appointment of counsel (ECF No. 4), a memorandum in support of the motion (ECF No.

5), and a declaration in support of the motion (ECF No. 6), but the motion is signed by only 19

of the 30 Plaintiffs, and the memorandum and declaration are signed only by Plaintiff Brown.

Plaintiffs style the complaint as a "class action." Plaintiffs allege that on April 14, 2023, "[t]here were upwards to well over two-hundred prisoners who had been intentionally denied their constitutional rights to attend religious services from both Housing Units, Housing Block A and Housing Block Building-7." (ECF No. 1 at 6.) The remainder of the allegations, however, pertain only to Plaintiff Byron K. Brown.

For the reasons set forth below, Plaintiffs' claims are severed under Fed. R. Civ. P. 21.

### DISCUSSION

Generally, Rule 20 of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in one action if (1) they assert any right to relief arising out of the same occurrence or series of occurrences, and (2) if any question of law or fact in common to all plaintiffs will arise in the action. *See, e.g.*, *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) ("[C]ourts look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979))).

Courts have the authority to deny joinder, or to order severance under Rule 21 of the Federal Rules of Civil Procedure, even without a finding that joinder is improper, if joinder "will not foster the objectives of the rule, but will result in prejudice, expense or delay." Wright & Miller, Fed. Prac. & Proc. § 1652 (3d ed.) (citations omitted); *see Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968) (noting that Fed. R. Civ. P. 21 "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance"); *Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

In determining whether to deny joinder or order severance of parties, courts consider the requirements of Rule 20 and additional factors, "including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008); *see also Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007) (commenting that, when considering severance, "courts should be guided by 'considerations of convenience, avoidance of prejudice to the parties, and efficiency'" (quoting *Hecht v. City of New York*, 217 F.R.D. 148, 150 (S.D.N.Y. 2003))).

Plaintiffs' claims stem not from one common set of facts but from each Plaintiff's individual claim of being denied the right to attend religious services. While each Plaintiff asserts a similar claim concerning denial of religious services by Sing Sing, each Plaintiff will ultimately need to allege his own set of facts detailing when the denial occurred, how he was affected, and what steps, if any, he took to challenge the denial.

Even if Plaintiffs in this action were properly joined, however, the Court finds that the practical realities of managing this *pro se* multi-prisoner litigation militate against adjudicating the Plaintiffs' claims in one action. As *pro se* litigants, Plaintiffs may appear only on their own behalf; none may appear as an attorney for the others. *See United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'") (citations omitted); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

In addition, Rule 11(a) of the Federal Rules of Civil Procedure requires that every pleading, written motion, or other paper be signed personally by every party who is unrepresented. During the course of this action, each Plaintiff would therefore be required to sign any motion or notice filed. Plaintiffs could be released or transferred at any time, however, and because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each other with copies of the motions and notices that they file with the court. This can result in piecemeal submissions, delays, and missed deadlines. *See Perkins v. City of New York*, No. 14-CV-3779 (WHP), 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (finding that multi-prisoner case should be severed under Fed. R. Civ. P. 21 into individual actions based on unwieldy complaint, security considerations, and plaintiffs' likely inability to jointly litigate the case because they were housed in different facilities or given limited opportunities to associate).

Based on these logistical challenges, the Court concludes that allowing this case to proceed as a multi-plaintiff case would hinder Plaintiffs' ability to litigate effectively and would not achieve judicial economy. Allowing each plaintiff to proceed separately, on the other hand, would facilitate the fair and efficient disposition of the litigation. The Court will therefore sever this action into individual cases.

Accordingly, Plaintiffs' claims are severed from each other. Byron K. Brown will proceed as the sole plaintiff in this action. The remaining 29 Plaintiffs – Carlos Arriago, Terrence Turner, David Louime, Dennis Antwon, Robert Campbell, Gregory White, Shantee Brooks, Eligidio Lind, Teddy Williams, Hector L. DeJesus, Apolinar Roque, Ricardo Corbin, Terel Overton, Alex Martinez, Deshard Wright, Clayton Scott, Michael A. Crane, Kevin Bussey, Eric Pek, Vaughn

Campbell, Ivan T. Ramos. Daniel Jones, Dwayne Reed, Ivan Seabrooks, James Scott, Alen

Haymon, Alfonso A. Howard, Stephen Robinson, and Trevor Price – will each be assigned a new

case number. A copy of the complaint (ECF No. 1), the motion for the appointment of counsel

(ECF No. 4), and this order will be docketed in each new case. The new cases will proceed

independently from this point on, and each Plaintiff will be directed to either pay the $402.00 in

filing fees or to submit an IFP application and prisoner authorization, so that the filing fee can be

assessed for each case.[1] Plaintiffs will not be regarded as co-plaintiffs, except upon further order

of the Court.[2]

## CONCLUSION

The Court severs Plaintiffs' claims from each other under Fed. R. Civ. P. 21. Byron K.

Brown will proceed as the sole plaintiff in this action.

---

[1] Although the Second Circuit has not reached the issue, a majority of courts have held that the Prison Litigation Reform Act, 28 U.S.C. § 1915, requires each prisoner to pay a full filing fee, regardless of whether the prisoner has joined with others to file in one case or is proceeding as the sole plaintiff. *See, e.g.*, *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009); *Boriboune v. Berge*, 391 F. 3d 852, 855 (7th Cir. 2004); *Hubbard v. Haley*, 262 F. 3d 1194, 1197 (11th Cir. 2001), *cert. denied sub nom. Hubbard v. Hopper*, 534 U.S. 1136 (2002); *Miller v. Annucci*, No. 18-CV-37 (CM) (S.D.N.Y. Feb. 27, 2018) (noting that *Hubbard*, *Hagan*, and *Boriboune* are "consistent with the Second Circuit's recognition that the PLRA was intended to deter the filing of frivolous lawsuits by prisoners," and that allowing prisoners to "split the cost of one filing fee between them would undermine the deterrent effect of the PLRA filing fee requirement" (quoting *Ashford v. Spitzer*, No. 08-CV-1036 (LEK) (RFT), 2010 U.S. Dist. LEXIS 147041, at *13 (N.D.N.Y. Mar. 16, 2010))). *But see In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997) (declaring in an administrative order that "any fees and costs that the district court or the court of appeals may impose shall be equally divided among all the prisoners"); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999) (holding that costs assessed under Section 1915(f) must be apportioned equally among prisoner plaintiffs). The Court requires that each prisoner pay a full filing fee – especially where, as here, there will now be multiple cases.

[2] The severance of Plaintiffs' claims into individual cases does not mean that their claims cannot be considered or tried together. If appropriate, the Court can deem the cases related or consolidate them. *See Hagan*, 570 F.3d at 165 n.11.

The Clerk of Court is further directed to open separate civil actions with new docket numbers for Carlos Arriago, Terrence Turner, David Louime, Dennis Antwon, Robert Campbell, Gregory White, Shantee Brooks, Eligidio Lind, Teddy Williams, Hector L. DeJesus, Apolinar Roque, Ricardo Corbin, Terel Overton, Alex Martinez, Deshard Wright, Clayton Scott, Michael A. Crane, Kevin Bussey, Eric Pek, Vaughn Campbell, Ivan T. Ramos, Daniel Jones, Dwayne Reed, Ivan Seabrooks, James Scott, Alen Haymon, Alfonso A. Howard, Stephen Robinson, and Trevor Price. A copy of the complaint (ECF No. 1), the motion for the appointment of counsel (ECF No. 4), and this order should be docketed in each new case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 7, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge